UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

O'NEIL J. DARDEN, JR.                :     CASE NO. 6:22-cv-00404 (LEAD)


VERSUS                               :     JUDGE ROBERT R. SUMMERHAYS


ROBERT C. VINES, ET AL.              :     MAGISTRATE JUDGE KAY


**MEMORANDUM ORDER**


Before the court is a Joint Motion to Strike filed by defendants April Wyatt, Melissa Darden, John Paul Darden, Jacob Darden, Toby Darden, and Jacqueline Junca (collectively, "Tribal Council Defendants") and defendants M. Bofill Duhé, individually and in his official capacity as District Attorney for Louisiana's 16th Judicial District, and Robert C. Vines, individually and in his alleged official capacity as assistant District Attorney for Louisiana's 16th Judicial District (all collectively, "defendants"). Doc. 37.  The motion is opposed by plaintiff O'Neil J. Darden. Doc. 39.

For the reasons stated, the Motion to Strike should be **GRANTED**.

**I.**
**BACKGROUND**

This civil rights action arises out of alleged malicious prosecution and abuse of process that resulted in plaintiff being criminally charged with and prosecuted for felony theft, computer fraud, and obstruction of justice. Doc. 4, ¶¶ 43–44.  Plaintiff, a former employee of Cypress Bayou Casino, was elected Tribal Council Chairman of the Chitimacha Tribe of Louisiana in June 2015. *Id.* at ¶ 29.

The laws of the Chitimacha Tribe of Louisiana allegedly prohibit council members from working in the Casino or receiving any payments from the Casino. *Id.* at ¶ 36.  After his election as Chairman, plaintiff allegedly received a bonus payment from the Casino for his former employment as a director, and the Council allegedly did not oppose the payment. *Id.* at ¶¶ 38–41. After the Tribal Gaming Commission received a complaint about "misappropriation of bonus monies," plaintiff and two others were criminally charged with felony theft, computer fraud, and obstruction of justice. *Id.* at ¶ 43.  The Tribal Council Defendants pursued the charges with the Office of the District Attorney for the 16th Judicial District of Louisiana in St. Mary Parish. *Id.* at ¶ 44.  Defendant Robert Vines[1] prosecuted the matter in his capacity as assistant district attorney. *Id.*  Plaintiff alleges that defendants used the prosecution to oust him as Chairman of the Tribal Council and to pursue their own personal gains. *Id.* at ¶¶ 49–50.

After plaintiff filed this lawsuit, Tribal Council Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. 18.  In his opposition to the Motion to Dismiss, plaintiff attached the affidavit of current Tribal Council member Johnny Burgess. Doc. 33, att. 3.

Defendants filed the instant Motion to Strike. Doc. 37.  Specifically, they ask this court to strike the Burgess affidavit [doc. 33, att. 3] from the record.  Plaintiff opposes the motion. Doc. 39.

---

[1] Robert Vines allegedly also serves as the Tribal Prosecutor for the Chitimacha Tribe of Louisiana. Doc. 4, ¶ 45.

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(f) allows us to strike from pleadings an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  "Pleadings" is defined in Federal Rules of Civil Procedure Rule 7(a) as:

(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim
(4) an answer to a crossclaim;
(5) a third party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

"[M]otions, affidavits, briefs, and other documents outside of pleadings are not subject to Rule 12(f)." *United States v. Coney*, 689 F.3d 365, 379, n. 5 (5th Cir.2012), quoting 5C Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE 1380 & n. 8.5 (3d ed. 2012).

However, advisory committee notes to Rule 12(b) itself seem to imply that the court can exclude material that is not a pleading.  The notes state that "on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it." Fed. R. Civ. P. 12, advisory committee's notes to 1946 amendment.  The Federal Rules and their comments offer no further guidance on the mechanism for excluding such materials, so we will proceed by evaluating the propriety of a motion to strike.  "As regards the striking of documents at the pretrial stage, [a] Court has 'inherent power to control the disposition of the causes on its docket . . . .' *U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir.2005) (internal quotation omitted); *Gilleland v. Schanhals*, 55 Fed. Appx. 257, 260 (6th Cir.2003) (explaining that a district court 'may use its inherent power to manage its docket to strike documents')." *Anderson v. Georgia Gulf Lake Charles, LLC*, 2:07-CV-1378 LEAD, 2008 WL 919716, at *1 (W.D. La. Apr. 4, 2008).  That inherent authority includes "determining whether to strike documents or portions of documents." *Vicks v. Packnett*,

CV No. 18-556, 2020 WL 2616398, at *1 n. 6 (M.D. La. May 22, 2020) (quoting *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010)).

Plaintiff argues, and defendants disagree, that defendants waived filing a motion to strike the affidavit because they indicated in their Unopposed Motion for Extension [doc. 34] that it would be more efficient to address the Burgess affidavit in their forthcoming replies rather than in a motion to strike. Doc. 39, p. 3.  However, plaintiff provides no legal support for this contention. Having found no support in the law for plaintiff's claim of waiver, we reject this argument and move forward with the Motion to Strike analysis.

The opposition and its attachments were filed in response to Tribal Defendants' Motion to Dismiss [doc. 18] under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 33.  That rule allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted."  When reviewing such a motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012).  The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the [pleader]."  A court may consider documents attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (the court could properly consider insurance contracts attached to the 12(b)(6) motion when plaintiffs specifically referenced those policies, and they were central to the claim).

Tribal Council Defendants did attach documents to their Motion to Dismiss.[2] Doc. 18, att. 1–3.  The document objected to here, however, was not attached to the Motion to Dismiss but

---

[2] The attachments to that motion include the Constitution and Bylaws of the Chitimacha Tribe of Louisiana, the Tribal-State Compact for the Conduct of Class III Gaming Between the Chitimacha Tribe of Louisiana and the State of Louisiana, a resolution of the Chitimacha Tribal Council, and certifications that each of the above is authentic.

rather was attached to plaintiff's opposition to that motion.  The attachment is an affidavit by Johnny Burgess, a member of the Chitimacha Tribal Council. Doc. 33, att. 3.  Though plaintiff does refer to certain affidavits in his complaint, Mr. Burgess's affidavit is not one of them.[3]  In fact, there is no mention of Mr. Burgess or his affidavit anywhere in the complaint.

Furthermore, this affidavit does not seem to be central to plaintiff's claim.  Plaintiff contends that the affidavit provides "illuminating context" and supports his claim that defendants' actions were not official action.  However, any support or context provided by the affidavit seems to be minimal.  In his 33-page opposition to the Motion to Dismiss, plaintiff's only references to Mr. Burgess and his affidavit are in a single, four-sentence paragraph and a footnote within that paragraph. Doc. 33, pp. 19–20.  Thus, this affidavit goes beyond the scope of anything we are required to consider on a Rule 12(b)(6) motion when raised in the motion itself, much less when attached to an opposition.

In his opposition, plaintiff has requested we grant him leave to amend his Complaint. Doc. 39, p. 4.  This is not relief we can grant on a Motion to Strike.  If plaintiff wishes to amend his Complaint, he must file a motion seeking leave to do so.

### III.
#### CONCLUSION

Relying on our inherent authority to control the disposition of the causes on our docket, we grant defendants' request to strike the affidavit attached to plaintiff's opposition, document 33, att. 3.  Accordingly, the Motion to Strike [doc. 37] is **GRANTED**.

---

[3] In his complaint, plaintiff claims defendant Robert Vines received affidavits from "industry experts" on August 18, 2016. Doc. 4, ¶ 78.  The Burgess affidavit, however, is dated June 17, 2021, so it cannot have been one of the affidavits plaintiff referred to in his complaint. Doc. 33, att. 3, p. 3.

THUS DONE AND SIGNED in Chambers this 19th day of October, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE