# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

O'NEIL J. DARDEN, JR.                           **CASE NO.  6:22-CV-00404 LEAD**

VERSUS                                           **JUDGE ROBERT R. SUMMERHAYS**

ROBERT C. VINES, ET AL.                 **MAGISTRATE JUDGE DAVID J. AYO**

## ORDER and REASONS

Before the Court are the following motions:

- Motion to Amend Complaint filed by Plaintiff O'Neil J. Darden, Jr. ("Darden") [ECF No. 50]

- Amended Motion to Amend Complaint filed by Darden [ECF No. 51]

- Motion to Alter Judgment filed by Darden [ECF No. 53]

- Motion for Extension of Time to File Response filed by Darden [ECF No. 66]

- Motion to Strike Exhibit filed by Darden [ECF No. 68]

- Motion for Leave to File Surreply filed by defendants Jacob Darden, John Paul Darden, Melissa Darden, Toby Darden, Jacqueline Junca, and April Wyatt ("Tribal Defendants") [ECF No. 72], and

- Motion to Continue Stay of Order to Remand filed by the Tribal Defendants [ECF No. 83].[1]

Defendants oppose all pending motions filed by Darden.[2] Darden does not oppose the Tribal Defendants' Motion to Continue Stay.[3]

The Court now turns to Darden's Amended Motion to Amend Complaint and Motion to Alter Judgment. [ECF Nos. 51, 53]. Darden's original Motion to Amend the Complaint was filed

---

[1] The reference of these motions to the Magistrate Judge is withdrawn.
[2] *See* ECF Nos. 60, 61, 69, 71, 73, 74.
[3] *See* Docket Entry No. 85.

more than eight months after the filing of the Tribal Defendants' Motion to Dismiss.[4] By the time of the filing of Plaintiff's original Motion to Amend the Complaint, the Motion to Dismiss had been fully briefed, a Report and Recommendation ("R&R") on the Motion to Dismiss had issued, and Objections had been filed to the R&R. On March 31, 2023, the Court entered Judgment adopting the R&R, dismissing all claims against the Tribal Defendants without prejudice.[5] Twenty-seven minutes after the Court's Judgment was filed into the record, Plaintiff filed his original Motion to Amend Complaint.[6]  The Tribal Defendants oppose Darden's Motion for Leave to amend his Complaint.[7] Under this procedural posture, the Court finds Plaintiff's Motion for Leave to amend his Complaint should be analyzed under Fed. R. Civ. P. 15(a)(2), rather than the standard applicable to Fed. R. Civ. P. 59(e) (as argued by Defendants), although the standards are the same.[8] Accordingly, the Court must consider whether Darden should be granted permissive leave to amend under Fed. R. Civ. P. 15(a)(2).

Permissive leave should be "freely given when justice so requires."[9] Although leave to amend is a favored remedy under the express language of Rule 15(a), it is not automatic and may be properly denied where a court finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

---

[4] *See* ECF Nos. 18, 50.
[5] *See* ECF No. 48.
[6] *See* ECF No. 50. It was not until September 21, 2023 that the claims against the remaining Defendants, Duhé and Vines, were dismissed with prejudice.
[7] ECF No. 60.
[8] *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 834 (5th Cir. 1992) (where complaint, rather than "action," is dismissed, and there are no other clear indications the order or judgment dismissed the entire action—e.g., by dismissing with prejudice, refusing to consider a subsequently filed motion to amend, etc.—plaintiff may amend his complaint under Rule 15(a), but only with permission of the Court); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).
[9] *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *S&W Enters., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003)).

to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[10] Here, the Tribal Defendants oppose Darden's Motion to Amend his Complaint based on undue delay, dilatory motive, and futility.[11]  They additionally argue that witness immunity bars Darden's claims based on fabrication of court testimony.[12]

With respect to the allegations of undue delay and dilatory motive, it appears from the record that Darden sought to enroll counsel to represent him in this case within a few weeks after the Tribal Defendants filed their motion to dismiss,[13] but Plaintiff's chosen counsel, Shane E. Romero, was not readmitted to practice before the Western District of Louisiana until mid-December 2022.[14] The first reference to the filing of an Amended Complaint was made on March 13, 2023, in Plaintiff's Objections to the R&R recommending dismissal of the Tribal Defendants for lack of subject matter jurisdiction. In the "Conclusion" to Plaintiff's Objections, he stated, "For the forgoing reasons, this Court should deny Defendants' motion to dismiss. At a minimum, this Court should grant Plaintiff leave to amend his Complaint with respect to any claims that are arguably deficient."[15] Eighteen days later (the day the Court issued its Judgment adopting the R&R), Plaintiff filed his first Motion for Leave to file an Amended Complaint. The delay in filing that document appears, in part, to be due to difficulties in enrolling his chosen counsel. Further, as there have been no previous amendments to the Complaint, there has been no failure to cure deficiencies through earlier amendments. The Court finds no evidence of bad faith or dilatory motive by Plaintiff, although there has been considerable delay. Nevertheless, "delay alone is an

---

[10] *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[11] ECF No. 60 at 9, 14-16.
[12] *Id.* at 16-19.
[13] *See* ECF No. 26.
[14] *See* Dec. 16, 2022 Docket Entry.
[15] ECF No. 44 at 10.

insufficient basis for denial of leave to amend."[16] Rather, the delay must prejudice the Tribal Defendants by, for example, preventing them "from preparing for trial, or by adding a new claim after the close of discovery."[17] Here, amendment would not prejudicially delay the Tribal Defendants because no discovery has been exchanged and trial has not been set. Further, as noted in *Spivey v. Chitimacha Tribe of La.*, the issue of tribal sovereign immunity is "jurisdictional in nature."[18] Darden's proposed amendments raise the issue of the application of sovereign immunity to individual capacity claims against tribal officials.[19] Jurisdiction being the Court's primary concern at this phase of litigation, careful consideration of Darden's purported claims is warranted. For these reasons,

IT IS HEREBY ORDERED that Plaintiff's Amended Motion to Amend Complaint [ECF No. 51] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent Plaintiff moves to amend his Complaint, and Plaintiff must file his Amended Complaint within THIRTY DAYS of issuance of this Order. The motion is DENIED to the extent Plaintiff moves to file the proposed Amended Complaint found at ECF No. 50-3, and that proposed pleading [ECF No. 50-3] is hereby STRICKEN. Rather, Plaintiff is to submit a revised Amended Complaint, omitting *claims* against former Defendants M. Bofill Duhé and Robert C. Vines.[20] This Order does not preclude Plaintiff from stating *facts* involving Duhé and Vines, to the extent such factual allegations are necessary to support his claims against the Tribal Defendants. In light of the forgoing,

---

[16] *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).
[17] *Salas v. City of Galena Park*, 2022 WL 1487024, *7 (citing *Mayeux* at 427).
[18] *Spivey*, 79 F.4th at 446 (5th Cir. 2023).
[19] *See e.g.* ECF No. 50-3 at ¶ 18.
[20] On September 21, 2023, the Court dismissed the claims asserted against Duhé and Vines and found amendment of the Complaint with regard to those Defendants would be futile. *See* ECF No. 76 at 8-9; ECF No. 77.

IT IS FURTHER ORDERED that Plaintiff's original Motion to Amend Complaint [ECF No. 50] is DENIED as MOOT.

IT IS FURTHER ORDERED that Darden's Motion to Alter Judgment [ECF No. 53] is GRANTED and the Court's prior Judgment [ECF No. 48] dismissing the claims of the Tribal Defendants without prejudice is VACATED. In light of the forgoing,

IT IS FURTHER ORDERED that the Tribal Defendants' Motion to Dismiss [ECF No. 18] is DENIED AS MOOT. The Tribal Defendants shall file a responsive pleading or motion within thirty days of the filing of any Amended Complaint by Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to File Response [ECF No. 66], Plaintiff's Motion to Strike Exhibit [ECF No. 68], and the Tribal Defendants' Motion for Leave to File a Sur-Reply [ECF No. 72] are DENIED AS MOOT.

IT IS FURTHER ORDERED that the Tribal Defendants' Motion to Continue Stay [ECF No. 83] is GRANTED, and the stay of the Member Case [Civil Action No. 6:22-1398] REMAINS in effect, pending resolution of all remaining claims by the Court in the consolidated matter, Civ. Act. No. 22-cv-404, any subsequent appeal thereof, or for other good cause shown.

IT IS FURTHER ORDERED that the stay of the Lead Case [Civil Action No. 6:22-cv-404] is LIFTED.[21]

**SO ORDERED** at Lafayette, Louisiana on this 18th day of March, 2024.

_____
**ROBERT R. SUMMERHAYS**
**UNITED STATES DISTRICT JUDGE**

---

[21] *See* ECF No. 81.