UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| O'NEIL J. DARDEN, JR. | CASE NO.  6:22-CV-00404 LEAD |
| | CASE NO. 6:22-CV-1398 MEMBER |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ROBERT C. VINES, ET AL. | MAGISTRATE JUDGE DAVID J. AYO |

## RULING

Before the Court is a Report and Recommendation ("R&R"), whereby the Magistrate Judge recommends: (1) the Motion to Dismiss filed by April Wyatt, Melissa Darden, John Paul Darden, Jacob Darden, Toby Darden and Jacqueline Junca ("Tribal Defendants") be granted to the extent it seeks dismissal of Plaintiff O'Neil J. Darden, Jr.'s ("Darden") claims based upon tribal sovereign immunity; and (2) the Motion to Strike First Amended Complaint filed by Robert C. Vines ("Vines") be denied as moot.[1] Darden and Vines have filed objections to the R&R.[2] Also pending is an "Anticipatory Motion to Stay Order to Remand Removed State Court Action, Case No. 6:22-cv-1398" (*i.e.*, the member case in this consolidated action) filed by the Tribal Defendants,[3] and a Motion to Strike Notice of Supplemental Authority filed by Darden.[4] For the reasons that follow, Darden's objections are OVERRULED, Vines objections are SUSTAINED, and the R&R will be ADOPTED as modified herein; the Motion to Stay Remand of Case No. 6:22-cv-1398 is GRANTED; and the Motion to Strike Notice of Supplemental Authority is DENIED as MOOT.

---

[1] ECF No. 107.
[2] ECF Nos. 111, 115.
[3] ECF No. 110.
[4] ECF No. 119.

# I.
### DARDEN'S OBJECTIONS

Darden objects to the R&R's reliance on the *Spivey* decision, as well as the Magistrate Judge's statement that he "views the Fifth Circuit's opinion in *Spivey* as indicative of an agreement with the approach taken by courts in the Eighth Circuit."[5] While the Court agrees with Darden that there is nothing in the *Spivey* opinion that indicates the Fifth Circuit agrees with the approach taken by district courts within the Eighth Circuit, it nevertheless agrees with the Magistrate Judge that sovereign immunity bars Darden's claims against the Tribal Defendants in their individual capacities.

"Indian tribes are domestic dependent nations that exercise inherent sovereign authority.[6] Due to their dependent status, tribes are subject to the plenary control of Congress but nevertheless remain "separate sovereigns pre-existing the Constitution."[7] Tribal sovereign immunity is "a necessary corollary to Indian sovereignty and self-governance."[8] "Among the core aspects of sovereignty that tribes possess . . . is the 'common-law immunity from suit traditionally enjoyed by sovereign powers.'"[9] Absent congressional authorization, "Indian Nations are exempt from suit."[10] "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act."[11] Thus,

---

[5] ECF No. 107 at 14 (citing *Spivey v. Chitimacha Tribe of Louisiana*, 79 F.4th 444, 447 (5th Cir. 2023)).
[6] *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (internal quotation marks omitted) (quoting *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Tribe of Okla.*, 498 U.S. 505, 509 (1991)).
[7] *Id.* (quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978)).
[8] *Id.* (quoting *Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C.*, 476 U.S. 877, 890 (1986)).
[9] *Id.* (quoting *Santa Clara Pueblo* at 58).
[10] *Santa Clara Pueblo* at 58 (quoting *U.S. v. U.S. Fidelity & Guar. Co.*, 309 U.S. 506, 512 (1940)).
[11] *Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal quotation marks and citations omitted).

one of the indignities sovereign immunity is designed to prevent arises when a tribe's "sovereign prerogatives are subjected to individuals through coercive judicial process."[12]

Courts must look to "whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit."[13] In making this determination, "courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign."[14] "The identity of the real party in interest dictates what immunities may be available."[15] Stated differently, a plaintiff "cannot circumvent tribal immunity by merely naming officers or employees of the Tribe when the complaint concerns actions taken in defendants' official or representative capacities and the complaint does not allege they acted outside the scope of their authority."[16] In such cases, "the sovereign entity is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."[17] However, if the subject of the lawsuit is not related to the defendant's performance of his official duties, tribal officials are amenable to suit.[18]

---

[12] *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022); *see also id.* at 518 (noting that where state, federal or tribal sovereign immunity apply, "each provides the same 'common-law immunity from suit traditionally enjoyed by sovereign powers'") (quoting *Santa Clara Pueblo* at 58).
[13] *Lewis v. Clarke*, 581 U.S. 155, 161-62 (2017).
[14] *Id.* at 162; *see also Russell* at 514 (sovereign immunity is determined not by the names of the parties but by the nature and effect of the proceeding, as gleaned from the record).
[15] *Lewis* at 163.
[16] *Chayoon v. Chao*, 355 F.3d 141, 143 (2d Cir. 2004); *see also Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 727 (9th Cir. 2008); *Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1296 (10th Cir. 2008); *Tamiami Partners, Ltd. ex rel. Tamiami Development Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1225-26 (11th Cir. 1999); *Thomas v. Dugan*, 168 F.3d 483 (4th Cir. 1998) (unpublished).
[17] *Cook* at 727 (internal quotation marks omitted).
[18] *Frazier v. Turning Stone Casino*, 254 F.Supp.2d 295, 307 (N.D.N.Y. 2003) (citing *Puyallup Tribe, Inc. v. Dep't of Game of Wash.*, 433 US. 165, 173 (1977)).

>As set forth in the Report and Recommendation,
>
>>[T]he actions alleged in the instant suit were undertaken during the performance of an official tribal governance function. The criminal referral to Vines was undertaken by the Tribal Council on the Tribe's behalf, rather than by one or more individuals acting in concert. Any ruling by this Court would, therefore, impermissibly infringe upon the sovereign's independent governance, despite Darden's prayer for monetary relief against individual tribal officials.[19]

The undersigned agrees. The Tribe, through the Tribal Council, has "the inherent power to prescribe laws for their members and to punish infractions of those laws."[20] The "Constitution and Bylaws of the Chitimacha Tribe of Louisiana" empower the Tribal Council to represent the Tribe's interests in matters that involve other governments, to employ legal counsel, manage tribal assets, manage the tribe's economic affairs and enterprises, and pass and enforce ordinances providing for the management of tribal assets.[21] Further, the "Tribal-State Compact for the Conduct of Class III Gaming Between the Chitimacha Tribe of Louisiana and the State of Louisiana" provides that the Tribe and the State of Louisiana agree to share concurrent criminal jurisdiction over all persons who commit offenses at Cypress Bayou Casino Hotel.[22] The acts sued upon thus relate to actions taken by the Tribal Council pursuant to their inherent sovereign authority and right to self-governance. It is clear that through his claims, Darden seeks damages caused by the Tribal Council's enforcement actions. Such a judgment would interfere with the Tribe's public administration and could restrain the Tribe from exercising its sovereign authority in future situations involving similar conduct. For these reasons, Darden's objection is overruled.[23]

---

[19] ECF No. 107 at 14; *see also* ECF No. 33-3 at 2 ("By resolution CHI-TC #52-16 the tribal council referred the matter to the 16th Judicial District Court.")
[20] *Denezpi v. United States*, 596 U.S. 591, 598 (2022) (quoting *United States v. Wheeler*, 435 U.S. 313, 322-23 (1978)).
[21] ECF No. 95-2 at 8.
[22] ECF No. 95-3 at 10-13, §§ 4, 5.
[23] Darden additionally objects that the R&R "completely ignores" the "Initial Decision" of the State of New Jersey Casino Control Commission, recommending Anthony C. Patrone, former General Manager of

## II.
### VINES' OBJECTIONS

Defendant Vines objects to the Magistrate Judge's recommendation "that Civil Action Number 22-CV-404 be DISMISSED without prejudice," and to his recommendation that the member case (22-cv-1398) be remanded to state court, as the claims against him were previously dismissed with prejudice.[24] Darden filed no response to Vines' objections.

On March 10, 2023, the prior Magistrate Judge assigned to this matter recommended all claims asserted against Vines be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).[25] In particular, she recommended that the federal claims asserted against Vines in his individual capacity be dismissed based on absolute prosecutorial immunity;[26] that the federal claims asserted against Vines in his official capacity be dismissed for failure to state a claim;[27] and that the state law claims asserted against Vines be dismissed based on the Louisiana defense of absolute prosecutorial immunity.[28] On September 21, 2023, the Court adopted the R&R over Darden's objection.[29] In its Ruling, the Court denied Darden's request for leave to file an amended complaint (set forth in his objection to the R&R), finding "leave to amend would be futile with regard to . . . Vines," because the proposed amended complaint did not overcome the defects addressed in the R&R.[30]

---

Cypress Bayou Casino Hotel, be granted a casino key employee license in the State of New Jersey. ECF No. 111 at 4-5; *see also* ECF No. 33-1 at 2, 46. The Court finds this objection warrants no analysis.
[24] ECF No. 115-1 at 7 (citing ECF No. 107 at 16); *see also* Case No. 6:22-cv-1398 at ECF No. 36.
[25] ECF No. 43 at 15.
[26] *Id.* at 10.
[27] *Id.* at 12.
[28] *Id.* at 14-15.
[29] ECF No. 77; *see also* ECF No. 76.
[30] ECF No. 76 at 8-9 (referencing the request for leave set forth in ECF No. 49 at 16-17). The same day Darden filed his objection, he also filed a Motion for Leave to file a First Amended Complaint, which was originally referred to the Magistrate Judge. *See* ECF No. 50. The Court subsequently withdrew the referral and addressed the Motion for Leave. ECF No. 86 at 1 & n.1.

On March 18, 2024, the Court granted in part Darden's "Motion for Leave to File First Amended Complaint."[31] Specifically, the Court granted Darden leave to file an amended complaint, but denied the motion "to the extent Plaintiff moves to file the proposed Amended Complaint found at ECF No. 50-3."[32] This was because Darden's proposed amended complaint reasserted claims against Vines "individually and in his capacity [as] assistant district attorney for the 16th Judicial District of Louisiana,"[33] those clams had previously been dismissed with prejudice, and the Court had previously found the proposed amendment of those claims would be futile.[34] The Court instructed Darden "to submit a revised Amended Complaint, omitting *claims* against former Defendant[] . . . Robert C. Vines," but clarified that Darden could set forth "*facts* involving . . . Vines, to the extent such factual allegations are necessary to support his claims against the Tribal Defendants."[35] On May 1, 2024, Darden filed his First Amended Complaint, but despite the Court's instructions, he included *claims* against Vines, this time in his individual and official capacity "as the Tribal Prosecutor for the Chitimacha Tribe of Louisiana."[36]

As noted, all claims against Vines have been dismissed with prejudice. Without explanation, Darden now, despite the Court's Order, attempts to assert new claims against Vines in his capacity as Tribal Prosecutor. Because Darden has made no request for reconsideration of the Court's Order denying leave to file amended claims against Vines, the Court finds the amended complaint, with respect to Vines, should be dismissed, as it is in direct violation of the Court's Order.[37] The Court reiterates that all claims asserted against Vines in this case, as well as in the

---

[31] ECF No. 86.
[32] *Id.* at 4.
[33] ECF No. 50-3 at 1.
[34] ECF No. 86 at 4, n.20. Darden did not seek reconsideration of that Ruling.
[35] *Id.* at 4.
[36] ECF No. 90 at 1, 2-3.
[37] *See* Fed. R. Civ. P. 41 (b). Further, were the Court to consider the proposed claims asserted against Vines

member case, have been dismissed with prejudice. As this Ruling resolves all remaining claims in this case, the Court will enter a judgment contemporaneously with the filing of this Ruling reflecting the forgoing.

### III.
### MOTION TO STAY REMAND AND MOTION TO STRIKE

The Magistrate Judge recommends that the "Order (Rec. Doc. 30) consolidating Civil Action No. 22-CV-404 and 22-CV-1398 be VACATED and, thereafter, that Civil Action Number 22-CV-404 be DISMISSED . . . and Civil Action Number 22-CV-1398 be REMANED to the Sixteenth Judicial District Court, St. Mary Parish, Louisiana, from which it was removed pursuant to 28 U.S.C. § 1447(c)."[38] The Tribal Defendants seek a stay of any order remanding Member Case No. 6:22-cv-1398 to state court "pending the outcome of an appeal from the Court's determination that it lacks subject matter jurisdiction."[39] No opposition has been filed to the Motion for Stay. The Court, finding the motion well-founded, will grant the motion. The Order consolidating Case Nos. 6:22-cv-404 and 6:22-cv-1398 will be vacated,[40] and the Order for remand in Case No. 6:22-cv-1398 will be stayed pending resolution of any appeal filed in either Case No. 6:22-cv-404 or Case No. 6:22-cv-1398. Should Darden not appeal, Case No. 6:22-cv-1398 will be remanded to state court at the expiration of the deadline for filing a notice of appeal.

---

they would nevertheless be dismissed based on absolute prosecutorial immunity, as the claims are premised on conduct taken in Vines' capacity as an Assistant District Attorney, not as a Tribal Prosecutor. *See e.g.* ECF No. 90 at 23, ¶ 127 ("Although Robert C. Vines was the Tribal Prosecutor . . . , he took on the case in St. Mary Parish in his capacity as assistant district attorney of the Office of District Attorney for the Sixteenth Judicial District of Louisiana.").

[38] ECF No. 107 at 16.
[39] ECF No. 110-2 at 10.
[40] *See* ECF No. 30.

As the Court did not consider the decision of the Louisiana First Circuit Court of Appeals, which is the subject of Darden's Motion to Strike, the Motion to Strike Notice of Supplemental Authority will be denied as moot.

## IV.
### CONCLUSION

For the reasons set forth, the Report and Recommendation is ADOPTED, as MODIFIED herein. The Order striking the Burgess' Affidavit [ECF No. 41] is VACATED. The Motion to Dismiss filed by the Tribal Defendants [ECF No. 95] is GRANTED to the extent it seeks dismissal of Darden's claims based upon sovereign immunity, and all claims against the forgoing Defendants in the Lead and Member Cases are DISMISSED WITHOUT PREJUDICE. In all other aspects, the motion is denied. The Objections of Vines are SUSTAINED, and the Court will enter a judgment in conformity with this Ruling. The Order of Consolidation [ECF No. 30] is VACATED. The Motion to Stay Remand of Civil Action No. 6:22-1398 [ECF No. 110] is GRANTED, and the Order of remand in Case No. 6:22-cv-1398 will be stayed pending resolution of any appeal filed in either Case No. 6:22-cv-404 or Case No. 6:22-cv-1398. Should Darden not appeal, Case No. 6:22-cv-1398 will be remanded to state court at the expiration of the deadline for filing a notice of appeal. Finally, the Motion to Strike Notice of Supplemental Authority [ECF No. 119] is DENIED as MOOT.

THUS DONE in Chambers on this 26th day of September, 2025.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE